UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN DOE subscriber assigned IP ) <br> Address 69.14.121.208, ) <br> ) <br> Defendant. ) <br> ) | Civil Case No. 4:23-cv-10866-FKB-APP |

**PLAINTIFF'S SUPPLEMENTAL BRIEF CONCERNING ITS MOTION FOR LEAVE TO FILE UNREDACTED VERSIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT, PROPOSED SUMMONS AND RETURN OF SERVICE UNDER SEAL**

Pursuant to the Court's Order for Supplemental Briefing, D.E. 13, Plaintiff, Strike 3 Holdings, LLC ("Strike 3"), hereby submits the following Supplemental Brief in support of its Motion for Leave to File Unredacted Versions of Plaintiff's First Amended Complaint, Proposed Summons and Return of Service under Seal.

Plaintiff commenced this litigation on April 14 by filing an initial Complaint against the then-unknown subscriber to IP address 69.14.121.208 infringement of Plaintiff's adult works via the BitTorrent protocol. D.E. 1. The Court authorized Plaintiff to take limited early discovery, D.E. 5, and Plaintiff issued a subpoena for the subscriber's name and address on the relevant Internet service provider ("ISP"), WideOpenWest. Plaintiff does *not* reflexively prosecute subscribers, yet

1

upon further investigation of the subscriber's connection to the infringement, Plaintiff determined that Defendant–and not someone else–was the likely infringer. Accordingly, it filed a redacted First Amended Complaint ("FAC") on September 13. D.E. 10. The FAC redacts Defendant's true name, address, or other identifying information. *See id.*

Concurrent with the FAC, Plaintiff filed a Motion for Leave to File Unredacted Versions of Plaintiff's First Amended Complaint, Proposed Summons and Return of Service under Seal ("Motion").[1] D.E. 11. The limited redactions would only extend to Defendant's name, address, and other identifying information; the rest of the material from those papers would be open to the public's inspection.

The purpose of this Motion is to provide Defendant with the benefit of the relief before it becomes moot. Although there is no protective order in place,[2] Plaintiff understands the sensitive and private nature of this litigation, and thus moves for this relief peremptorily before serving process on Defendant, making him a party to the action, and thus publishing his identity. *See Murphy Bros. v.*

---

[1] Plaintiff was unable to confer with Defendant prior to filing that motion, or with respect to this supplemental brief, because Defendant is not currently represented. While Plaintiff is aware of Defendant's home address, it does not have a reliable phone number, email, or other means of contacting Defendant. Additionally, Plaintiff is wary of communications with unrepresented parties to avoid accusations of untoward conduct.

[2] Nor this information designated as confidential. *See* L.R.5.3(b)(3)(A)(iii).

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 1327, 143 L. Ed. 2d 448 (1999); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).

"The decision to seal records is within the discretion of the district court." *Tilmon-Jones v. Bridgeport Music, Inc.*, No. 11-13002, 2013 WL 3279168, at *1 (E.D. Mich. June 4, 2013) (citing *In re The Knoxville News–Sentinel Co., Inc.*, 723 F.2d 470, 473 (6th Cir. 1983)). "There is a strong public policy in favor of public access to judicial proceedings." *Sami v. Detroit Med. Ctr.*, No. 12-12660, 2012 WL 3945532, at *1 (E.D. Mich. Sept. 10, 2012) (collecting cases). "Nonetheless, the right of public access to judicial records is not absolute." *Bridgeport Music*, 2013 WL 3279168 at *1 (citation omitted). "For example, the common law right of inspection has bowed before the power of a court to insure that its records are not 'used to . . . promote public scandal[.]'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978)).

Additionally, "[a] request for a seal must be 'narrowly tailored . . . in accord with applicable law.'" *In re Flint Water Cases*, No. 16-10444 (JEL)(MKM), 2021 WL 1877018, at *1 (E.D. Mich. Apr. 21, 2021) (quoting E.D. Mich. LR 5.3(b)(2)). "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville*, 723 F.2d at 474.

Although, Plaintiff is unable to locate direct authority on this idiosyncratic posture, the balance of the equities favors sealing Defendant's identifying information, at least until he has had an opportunity to move for such relief himself. First, there is a compelling interest in safeguarding Defendant's private information from public inspection. "The Sixth Circuit has . . . recognized the constitutional right to informational privacy in the context of 'personal sexual matters.'" *Love v. Johnson*, 146 F. Supp. 3d 848, 854 (E.D. Mich. 2015) (citation omitted).

> Our sexuality and choices about sex, in turn, are interests of an intimate nature which define significant portions of our personhood. Publically revealing information regarding these interests exposes an aspect of our lives that we regard as highly personal and private. Indeed, for many of these reasons, a number of our sister circuits have concluded that information regarding private sexual matters warrants constitutional protection against public dissemination.

*See Bloch v. Ribar*, 156 F.3d 673, 685 (6th Cir. 1998) (collecting cases).

There is no question that Plaintiff's works, and its allegations that Defendant downloaded and distributed these works, concern matters of a sexual nature. Hence there is a compelling interest in safeguarding Defendant's identity to shield these private details.

Courts have held, for example, that there is "a compelling interest in sealing personally identifying information of *non-parties*." *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, No. 18-2818, 2023 WL 319922, at *5

(E.D. Mich. Jan. 19, 2023) (collecting cases) (emphasis added). Although no court in this district has directly held whether claims of this nature are "compelling," *cf. Counts v. Gen. Motors, LLC*, No. 16-12541, 2019 WL 13059912, at *2 (E.D. Mich. Nov. 14, 2019) (noting that "typical[]" cases concern privilege or statutory protected information), when weighed against the minimal public interests in knowing the infringer's identity along with the unique posture of the litigation, a limited sealing order is warranted.

Second, the public's interest in knowing Defendant's identity is minimal. *Cf. Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836–37 (6th Cir. 2017) (citation omitted) ("[T]he burden on the party seeking non-disclosure is diminished where there is minimal public interest in learning the non-disclosed information."). There is not a compelling public interest in knowing who infringed copyrights in an adult work–a civil matter, and not a criminal one. *Cf. In re Flint Water Cases*, 2021 WL 1877018 at *2. Even without revealing Defendant's identity, "[t]he public can understand the nature of the dispute and this Court's opinion on the matter without knowing the specific details of" Defendant's identity. *See Suri v. Wells Fargo Bank, NA*, No. 21-10866, 2023 WL 3222798, at *2 (E.D. Mich. May 3, 2023) (citation omitted).

Finally, "'the seal itself is no broader than necessary' because it is 'narrowly tailored to cover only the sensitive' and personally-identifying information." *See In*

5

re *Gen. Motors*, 2023 WL 319922 at *5 (citation omitted). "Plaintiffs seek only to redact the lines containing the identifying information," which consists of Defendant's true name, address, and other information that could be used to identify him–such as by his occupation–which "is narrowly tailored to cover only the sensitive information." *See In re Flint Water Cases*, 2021 WL 1877018 at *2. On balance, the Court should grant Plaintiff's limited request for an order to redact and seal portions of Defendant's identifying information.

The unique posture of the litigation tips the scales as well. Usually, "[a] showing of substantial personal or financial harm is a prerequisite to an order sealing a file." *Magna Powertrain de Mexico S.A. de C.V. v. Momentive Performance Materials USA LLC*, No. 16-11249, 2016 WL 9408570, at *1 (E.D. Mich. Apr. 11, 2016). Yet Plaintiff *cannot* make that showing on Defendant's behalf simply because it does not know those facts. *Cf. Signature Mgmt. Team*, 876 F.3d at 838 ("[A] Doe defendant may rebut the presumption of openness by showing that he engages in substantial protected speech that unmasking will chill.").

Further complicating matters, Defendant has not been made a party to the litigation, *supra*, but the only way to achieve this would normally be to file a complaint along with a proposed summons, revealing Defendant's name, so that Plaintiff can serve process, bringing him into the matter. This would notify

Defendant of the suit, but it would all but moot his ability to request his privacy be maintained. Thus, Plaintiff's Motion, filed simultaneously with its FAC, preserves that relief should Defendant and the Court find it appropriate.

This stopgap gives Defendant the opportunity to seek counsel and/or a similar protective order, prepare a defense, and focuses the matter on the merits, i.e., *not* on whether his private details will be made public. "The greater a plaintiff's or the public's interest in unmasking a *losing* Doe defendant's identity, the more difficult it will be for the Doe defendant to overcome the presumption and remain anonymous." *Id. (*emphasis added). But until such a time, an order permitting Plaintiff to seal and redact Defendant's identifying information is appropriate.

For the following reasons, Plaintiff respectfully request the Court grant its Motion for Leave to File Unredacted Versions of Plaintiff's First Amended Complaint, Proposed Summons and Return of Service under Seal.

Dated: September 22, 2023                    Respectfully submitted,

                                               **BOROJA, BERNIER & ASSOCIATES PLLC**

                                               /s/ *Joel A. Bernier*
                                               By:  JOEL A. BERNIER (P74226)
                                               Daniel Boroja (P77079)
                                               49139 Schoenherr Rd.
                                               Shelby Township, MI 48315
                                               T: 586-991-7611
                                               F: 586-991-7612
                                               Email: Bbclawgroup@gmail.com
                                               *Attorney for Plaintiff*

## **LOCAL RULE CERTIFICATION**

I, Joel A. Bernier, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                               /s/ *Joel A. Bernier*
                                             By:  JOEL A. BERNIER (P74226)

| L.R.5.3(b)(3)(A)(i) Index of Materials to be Sealed ||
|---|---|
| **Material** | **Defendant's Position** |
| First Amended Complaint | Unknown |
| Proposed Summons | Unknown |
| Return of Service | Unknown |