UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,   Case No. 23-10866

    Plaintiff,   F. Kay Behm
v.   United States District Judge

JOHN DOE subscriber assigned IP
Address 69.14.121.208,

    Defendant.
_____ /

**ORDER GRANTING MOTION FOR LEAVE TO FILE UNREDACTED VERSIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT, PROPOSED SUMMONS, AND RETURN OF SERVICE UNDER SEAL (ECF No. 11)**

**I.   INTRODUCTION**

This matter is currently before the court on Plaintiff Strike 3 Holdings, LLC's ("Strike 3") motion for leave to file under seal. (ECF No. 11). In their motion, Strike 3 requests leave to file unredacted versions of its first amended complaint, proposed summons, and return of service under seal. *Id.*, PageID.99. The court granted Strike 3's motion in error on September 15, 2023, and the court's Order was subsequently stricken from the docket on September 18, 2023. (ECF Nos. 12, 13). The court's September 18, 2023 Order further required Strike 3 to file supplemental briefing "addressing the required factors so the court may fully analyze their motion to seal under the controlling law." (ECF No. 13, PageID.106).

1

Strike 3 did so on September 22, 2023.  (ECF No. 14).  Considering the arguments made in Strike 3's motion and supplemental brief, as well as the circumstances of this case, the court **GRANTS** the motion to seal.

## II.     RELEVANT LEGAL STANDARD

Local Rule 5.3 permits a party to file a motion to seal if it is "narrowly tailored to seek sealing in accord with applicable law."  E.D. Mich. LR 5.3(b)(2).  To comply with the local rule, a motion to seal must contain:

> (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects;
> (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;
> (iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom;
> (iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority;
> (v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit…; and
> (vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal…

E.D. Mich. LR 5.3(b)(3)(A).

A court may grant a party's motion to seal "only upon a finding of a compelling reason why certain documents or potions thereof should be sealed."  *Id*.  The Sixth Circuit has long recognized a "strong presumption in favor of

2

openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). As such, the party seeking to seal documents bears a "heavy" burden to overcome this presumption. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). To do so, the moving party must show: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). Exceptions to the presumption of openness generally fall into two categories: "(1) exceptions 'based on the need to keep order and dignity in the courtroom;' and (2) 'content-based exemptions,' which 'include certain privacy rights of participants or third parties, trade secrets, and national security.'" *Artside Energy Corp. v. Northstar Recycling Co., LLC*, No. 2:23-CV-866, 2023 WL 4842742, at *1 (S.D. Ohio May 2, 2023) (citing *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted)).

**III.   ANALYSIS**

This case is one of many filed by Strike 3 nationwide alleging that a John Doe defendant downloaded Strike 3's copyrighted adult motion pictures without authorization through BitTorrent. Several other judges in this district have entered similar orders in these cases allowing Strike 3 to file their materials under

3

seal or with certain details redacted based on the reputational harm that could result if a defendant was associated with litigation concerning pornographic material.  Strike 3 makes a similar argument in this case, arguing that each of the required factors weigh in favor of granting their motion to seal.  The court agrees.

The first factor asks the moving party to demonstrate a compelling interest in sealing the records.  *See Kondash*, 767 F. App'x at 637.  Strike 3 argues they have a compelling interest in safeguarding Defendant's private information given the sensitive nature of the underlying allegations.  (ECF No. 14, PageID.110).  Strike 3's complaint alleges that Defendant copied and distributed a number of Strike 3's works, which are adult motion pictures containing "matters of a sexual nature."  (ECF No. 1).  "The Sixth Circuit has [] recognized the constitutional right to informational privacy in the context of 'personal sexual matters.'"  *Love v. Johnson*, 146 F. Supp. 3d 848, 854; *see also Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998).  Strike 3 further argues they have filed this motion "prior to serving process on Defendant, making him a party to the action, and thus publishing his identity," because to proceed without sealing would essentially moot Defendant's ability to request his privacy be maintained once he is added to the litigation.  (ECF No. 14, PageID.113).  The court agrees that it will be beneficial in this matter to "give[] Defendant an opportunity to seek counsel and/or a similar protective

order, prepare a defense, and focus[] the matter on the merits, [] *not* on whether his private details will be made public." *Id*.

As to the second factor, Strike 3 argues the public's interest in knowing Defendant's identity is minimal. *Id.*, PageID.111. "The greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Sanford v. Russell*, No. 17-13062, 2020 WL 9260244, at *1 (E.D. Mich. Jan. 14, 2020). While the public generally has an interest in judicial transparency and open access to court records, this is not the type of case that presents an overwhelming public interest in the information to be sealed. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (discussing the difference between cases "focused primarily upon the litigation's result – whether a right does or does not exist" with cases where the "public's interest is focused not only on the result, but also on the conduct giving rise to the case."). Notably, this case does not implicate public health, public safety, corruption, or incompetence. *See in re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F. Supp. 3d 779, 787 (E.D. Mich. 2019) ("while confidentiality provisions, protective orders, and the sealing of cases are appropriate litigation tools in some circumstances [,] the interests of public health and safety will often outweigh any confidentiality interests that might be implicated."). Even with the

proposed redactions here, "'[t]he public can understand the nature of the dispute and this Court's opinion on the matter without knowing the specific details of' Defendant's identity."  (ECF No. 14, PageID.111) (citing *Suri v. Wells Fargo Bank, NA*, No. 21-10866, 2023 WL 3222798, at *2 (E.D. Mich. May 3, 2023)).

Finally, as to the third factor, Strike 3 argues "'the seal itself is no broader than necessary' because it is 'narrowly tailored to cover only the sensitive' and personally-identifying information."  (ECF No. 14, PageID.111) (citing *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, No. 18-MD-02818, 2023 WL 319922, at *5 (E.D. Mich. Jan 19, 2023)).  It is important to note that Strike 3 does not seek to seal the entirety of their first amended complaint, proposed summons, or return of service, they only seek to redact the portions of those documents that include "Defendant's name, address, and additional factual information which directly links the Defendant to the infringement in this case." (ECF No. 11, PageID.100).

**IV.    CONCLUSION**

Considering the circumstances of this case, the court finds Strike 3 has a compelling interest in sealing the proposed information that outweighs the public's interest in accessing the relevant information.  *Kondash*, 767 F. App'x at 637.  Further, Strike 3's request is narrowly tailored and includes only the

information that could reveal Defendant's identity. *Id.* As such, Strike 3's motion is **GRANTED** and they may file unredacted versions of their first amended complaint, proposed summons, and return of service under seal.

    **SO ORDERED**.

Date: December 14, 2023                          <u>s/F. Kay Behm</u>
                                                          F. Kay Behm
                                                          United States District Judge