# Answer to Complaint and Affirmative Defenses

Case number:  4:2023cv10866



MAY 2 8 2024

U.S. DISTRICT COURT
FLINT, MICHIGAN

Defendant, Changgong Zhou, hereby responds to Plaintiff's complaint with the answers as follows.

1.  Answering, Paragraph 1, Defendant denies the allegations contained therein as they are untrue.

2.  Answering, Paragraph 2, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

3.  Answering, Paragraph 3, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

4.  Answering, Paragraph 4, Defendant acknowledges using software based on the BitTorrent protocol. Defendant denies the remaining allegations contained therein as they are untrue.

5.  Answering, Paragraph 5, Defendant denies that he infringed any of Plaintiff's works. Moreover, he denies that being assigned a particular IP address by his internet service provider constitutes any action on his part to hide his online identity.

6.  Answering, Paragraph 6, Defendant denies that he infringed any of Plaintiff's works. As to the remaining allegations therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

7.  Answering, Paragraph 7, Defendant admits that Plaintiff has indicated that it is seeking statutory damages in this matter.

8.  Answering, Paragraph 8, Admitted.

9.      Answering, Paragraph 9, Defendant admits that he lives in the district. Defendant denies any act of infringement or other tortious activity.

10.     Answering, Paragraph 10, Defendant admits that venue is proper in this Court. Defendant denies infringing any of Plaintiff's works.

11.     Answering, Paragraph 11, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

12.     Answering, Paragraph 12, Defendant admits that he is a resident at the address.

13.     Answering, Paragraph 13, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

14.     Answering, Paragraph 14, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

15.     Answering, Paragraph 15, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

16.     Answering, Paragraph 16, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

17.     Answering, Paragraph 17, Defendant admits that the BitTorrent protocol is designed to quickly distribute large files over the Internet.

18.     Answering, Paragraph 18, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

19.     Answering, Paragraph 19, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

20.     Answering, Paragraph 20, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

21.     Answering, Paragraph 21, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

22.     Answering, Paragraph 22, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

23.     Answering, Paragraph 23, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

24.     Answering, Paragraph 24, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

25.     Answering, Paragraph 25, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

26.     Answering, Paragraph 26, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

27.     Answering, Paragraph 27, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

28.     Answering, Paragraph 28, Defendant denies the allegation contained therein as untrue.

29.     Answering, Paragraph 29, Defendant denies any act of infringement of the Plaintiff's copyrights using the BitTorrent network. As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

30.     Answering, Paragraph 30, Defendant denies any act of infringement of the Plaintiff's copyrights using the BitTorrent network. As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

31.     Answering, Paragraph 31, Defendant denies any act of infringement of the Plaintiff's copyrights using the BitTorrent network. As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

32.    Answering, Paragraph 32, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

33.    Answering, Paragraph 33, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

34.    Answering, Paragraph 34, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

35.    Answering, Paragraph 35, Defendant denies any act of infringement of the Plaintiff's copyrights using the BitTorrent network. As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

36.    Answering, Paragraph 36, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

37.    Answering, Paragraph 37, Defendant denies any act of infringement of the Plaintiff's copyrights using the BitTorrent network. As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

38.    Answering, Paragraph 38, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

39.     Answering, Paragraph 39, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

40.     Answering, Paragraph 40, Defendant denies any act of infringement of the Plaintiff's copyrights using the BitTorrent network. As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

41.     Answering, Paragraph 41, Defendant denies any act of infringement of the Plaintiff's copyrights using the BitTorrent network. Moreover, of the 25 infringement activities alleged in the Exhibit A to the First Amended Complaint, 7 activities took place at dates and times when the Defendant was either already at work or on road from/to work. As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

42.     Answering, Paragraph 42, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

43.     Answering, Paragraph 43, Defendant denies the allegation contained therein as untrue.

44.     Answering, Paragraph 44, Defendant denies the allegation contained therein as untrue.

45.     Answering, Paragraph 45, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs. Moreover, to the extent that any works were included in this lawsuit prior to being

granted registration by the Copyright Office, Defendant contends those works must be stricken

from this matter based on the United States Supreme Court's recent ruling in Fourth Estate

Public Benefit Corporation v. Wall-Street.com, 2018 U.S. LEXIS 4034; 128 Sect. 2707 (2018).

46.    Answering, Paragraph 46, Defendant neither admits nor denies the allegations

contained therein for lack of sufficient knowledge or information and leaves plaintiff to its

proofs.

47.    Answering, Paragraph 47, Defendant denies any act of infringement of the

Plaintiff's copyrights using the BitTorrent network. As the remining allegations contained

therein, Defendant neither admits nor denies the allegations contained therein for lack of

sufficient knowledge or information and leaves plaintiff to its proofs.

48.    Answering, Paragraph 48, Defendant neither admits nor denies the allegations

contained therein for lack of sufficient knowledge or information and leaves plaintiff to its

proofs.

49.    Answering, Paragraph 49, Defendant neither admits nor denies the allegations

contained therein for lack of sufficient knowledge or information and leaves plaintiff to its

proofs.

50.    Answering, Paragraph 50, Defendant neither admits nor denies the allegations

contained therein for lack of sufficient knowledge or information and leaves plaintiff to its

proofs.

51.    Answering, Paragraph 51, Defendant neither admits nor denies the allegations

contained therein for lack of sufficient knowledge or information and leaves plaintiff to its

proofs.

52.     Answering, Paragraph 52, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

53.     Answering, Paragraph 53, Defendant admits that the address is a single-family home.

54.     Answering, Paragraph 54, Defendant admits living at the address. However, Defendant denies using the BitTorrent network file distribution network as alleged.

55.     Answering, Paragraph 55, Defendant admits that he lived at the address during the alleged period of time. Defendant denies any act of infringement of the Plaintiff's copyrights using the BitTorrent network.

56.     Answering, Paragraph 56, Defendant admits that he is the only adult male occupant of the residence during the alleged period of time. Defendant denies any act of infringement of the Plaintiff's copyrights using the BitTorrent network.

57.     Answering, Paragraph 57, Defendant denies that his wife is the only other occupant of the residence during the alleged period of time. Defendant denies any act of infringement of the Plaintiff's copyrights using the BitTorrent network.

58.     Answering, Paragraph 58, Defendant denies any act of infringement of the Plaintiff's works, and the works in the alleged Additional Evidence using the BitTorrent network. As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

59.     Answering, Paragraph 59, Defendant denies any act of infringement of the Plaintiff's works, and the works in the alleged Additional Evidence using the BitTorrent network.

As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

60.   Answering, Paragraph 60, Defendant denies any act of infringement of the Plaintiff's works using the BitTorrent network. Without making allegation, the Defendant has to point out that, in fact, some rooms of the Defendant's neighbor's house are closer to the Defendant's WIFI router than some rooms in the Defendant's own house; there exists a fair chance that someone gained access to the defendant's WIFI network. As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

61.   Answering, Paragraph 61, Defendant denies any act of infringement of the works in the alleged Additional Evidence using the BitTorrent network. As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

62.   Answering, Paragraph 62, Defendant denies any act of infringement of the works in the alleged Additional Evidence using the BitTorrent network. As the remining allegations contained therein, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

63.   Answering, Paragraph 63, Defendant admits that he is an experimental physicist and a physics educator.

64.   Answering, Paragraph 64, Defendant denies any act of infringement of the works in the alleged Additional Evidence using the BitTorrent network.

65.     Answering, Paragraph 65, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

66.     Answering, Paragraph 66, Defendant denies any act of infringement of the works in the alleged Additional Evidence using the BitTorrent network.

67.     Answering, Paragraph 67, Defendant's responses to paragraphs 1-66 are hereby realleged as if fully set forth herein.

68.     Answering, Paragraph 68, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

69.     Answering, Paragraph 69, Defendant denies the allegation contained therein as untrue.

70.     Answering, Paragraph 70, Defendant denies any act of infringement of the Plaintiff's works using the BitTorrent network.

71.     Answering, Paragraph 71, Defendant denies the allegation contained therein as untrue.

72.     Answering, Paragraph 72, Defendant denies the allegation contained therein as untrue.

# AFFIRMATIVE DEFENSES

*First Affirmative Defense - Misuse of Copyright*

1. The goal of copyright law is to promote the arts and technology by providing exclusive rights for a certain amount of time.

2. The goal of copyright law is not to facilitate the creation of alternative revenue streams for creators.

3. Upon information and belief, Plaintiff's goal in filing this lawsuit and others like it is not a judgment on the merits. Instead, Plaintiff uses the Federal Court system to systematically coerce settlements.

4. Upon information and belief, this lawsuit, like the many other Strike 3 suits, is a vehicle to create an alternative revenue stream rather than to promote the arts and technology.

5. Accordingly, Plaintiff is attempting to impermissibly expand the use of copyright for improper means.

6. For these reasons, Plaintiff should take nothing on its Complaint.

*Second Affirmative Defense - Unconstitutionally Excessive Damages*

7. Plaintiff's claims are barred insofar as they seek statutory damages that are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process Clause of the United States Constitution.

*Third Affirmative Defense - De Minimis*

8. Upon information and belief, Plaintiff generates millions of dollars in revenue by filming, photographing and video recording sexual acts and selling those recordings on the Internet.

9.      Upon information and belief, Plaintiff provides many of those recordings free through third-party websites.

10.     Defendant stands accused of providing small portions of data corresponding to the copyrighted works to Plaintiff's infringement detection system, VXN Scan. In fact, upon information and belief, Defendant contends that none of the pieces VXN Scan allegedly downloaded from someone using the Defendant's IP address is large enough to be played on a movie player, and was not, and could not have been, examined to determine whether any piece allegedly downloaded from anyone using his IP address contained an original, constituent element of any of the works listed on Exhibit A to the First Amended Complaint.

11.     These pieces may prove to contain minimal or no elements of creativity or no constituent parts of the original work that would constitute protectable elements. Plaintiff cannot prove any actual financial loss from the alleged infringement, and any such damage would be limited to a small fee for membership on Plaintiff's website.

12.     These amounts are minimal, and Plaintiff should take nothing based on the doctrine of *de minimis non curet lex*.

### Fourth Affirmative Defense - Failure to Mitigate Damages

13.     Plaintiff has developed an infringement detection system, VXN Scan, to provide evidence of BitTorrent activity that allegedly infringes on its copyrights.

14.     The system has provided Plaintiff with information that Plaintiff has used to bring myriad cases throughout the United States and allegedly identified Defendant's IP Address as allegedly infringing some time ago.

15.     Plaintiff failed to take any steps to mitigate its damages.

16.     In particular, Plaintiff failed to make use of the inexpensive takedown processes provided by the Digital Millennium Copyright Act and, in fact, on information and belief expressly declines/refuses to do so.

17.     Having failed to mitigate its damages, Plaintiff is entitled to no relief.

*Fifth Affirmative Defense - No Infringement*

18.     Defendant has not engaged in or contributed to any infringement of the copyrights alleged. Even if Plaintiff's expert received pieces of data from a user of Defendant's IP address, such pieces are so small as to be insufficient to prove Plaintiff's claim of copyright infringement.

*Sixth Affirmative Defense - Failure to Join Indispensable Parties*

19.     Plaintiff has failed to join indispensable parties, namely other participants in the so-called BitTorrent swarms from which it downloaded whole copies of the works listed on Exhibit A to the First Amended Complaint for the purpose of comparison against the pieces allegedly downloaded from Defendant.

20.     Specifically, Plaintiff has pleaded that its system downloaded all of the pieces of each work from other BitTorrent users online to create a single, playable copy of each work. Each of the parties from whom Plaintiff downloaded pieces sufficient to form a complete copy of each work listed on Exhibit A to the First Amended Complaint for comparison against the pieces allegedly downloaded from Defendant is an indispensable party to this matter.

*Seventh Affirmative Defense - Statutory Relief Not Available*

21.     The one-satisfaction rule operates to prevent multiple recovery, or the overcompensation of a plaintiff for a single injury. Plaintiff is barred from seeking statutory damages, costs, and/or attorney's fees under 17 U.S.C. § 504 to the extent plaintiff has already recovered for alleged infringements in prior actions or settlements.

22. Moreover, insofar as Plaintiff has received an award for statutory damages against other BitTorrent "swarm" participants transferring any particular film, Plaintiff's recovery should be limited to Defendant's portion of that statutory award.

*Eighth Affirmative Defense - No Willful Infringement*

23. Without admitting liability, any infringement by Defendant was innocent and not willful.

24. Without admitting liability, Defendant states that he was not aware and had no reason to believe that any of his acts constituted an infringement of copyright.

25. Plaintiff has failed to show any specific intent by Defendant to infringe the works listed on Exhibit A to the First Amended Complaint.

*Ninth Affirmative Defense - Acquiescence*

26. Plaintiff's claims are barred by the doctrine of acquiescence.

27. Plaintiff knew its films were being distributed and downloaded online via BitTorrent technology and did nothing.

*Tenth Affirmative Defense - Estoppel*

28. Plaintiff's claims are barred by the doctrine of estoppel. Without admitting any infringement, Defendant alleges that, though Plaintiff knew the facts of any alleged file-sharing by users of Defendant's Internet connection, Plaintiff acted in such a manner that Defendant and/or third parties were entitled to, and did, believe that the continued availability of the copyrighted work on BitTorrent was intended by Plaintiff, and any actions to download were induced by, and done in reliance on, Plaintiff's conduct. This is compounded by the fact that Plaintiff, upon information and belief, allows for free distribution of its films on so-called "tube sites."

*Eleventh Affirmative Defense - Unclean Hands*

29. Plaintiff's claims are barred by the doctrine of unclean hands.

30.     Plaintiff filed this case and with full knowledge that it had not downloaded pieces of sufficient size to be properly analyzed for evidence of copyright infringement from anyone using Defendant's IP address.

31.     Plaintiff sought permission to conduct early discovery and with full knowledge that it had not downloaded pieces of sufficient size to be properly analyzed for evidence of copyright infringement from anyone using Defendant's IP address and failed to disclose this fact to the Court in an ex parted proceeding at which it had a heightened duty to disclose both exculpatory and inculpatory information and evidence.

*Twelfth Affirmative Defense - Lack of Volitional Act*

32.     Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

33.     Defendant denies committing any volitional act and denies infringing any of Plaintiff's copyrights.

*Thirteenth Affirmative Defense - Injunctive Relief Not Warranted*

34.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

*Fourteenth Affirmative Defense - Intervening Causes*

35.     Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of, and the damages sought by Plaintiff in this Complaint and each such separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

*Additional Defenses*

36.    Defendant reserves the right to supplement and/or amend this Answer, including

through the addition of further affirmative defenses, based upon the course of discovery and

pleadings in this action. WHEREFORE, Defendant respectfully requests that this Court enter

judgment in his favor and against Strike 3 Holdings, LLC, providing as follows:

A.  Plaintiff takes nothing from its Amended Complaint and its claims be

dismissed with prejudice;

B.  Declaring that Defendant is not liable for infringing Plaintiff's copyrights;

C.  That Plaintiff has misused its copyrights and they should be unenforceable;

D.  Awarding Defendant his costs and reasonable attorney's fees incurred during

this action;

E.  Awarding Defendant all damages resulting from Plaintiff's actions complained

of; and

F.  Any other relief this Court deems just and proper.

Respectfully submitted,

Changgong Zhou

4756 Butler DR
Troy, MI 48085
Date: May 19, 2024

This packaging is the property of the U.S. Postal Service and is provided

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

**UNITED STATES POSTAL SERVICE** ®

**PRIORITY MAIL** ®

pected delivery date specified for domestic use.

mestic shipments include $100 of insurance (restrictions apply).*

PS Tracking® service included for domestic and many international destinations.

ited international insurance.**

en used internationally, a customs declaration form is required.*

nce does not cover certain items. For details regarding claims exclusions see the
tic Mail Manual at http://pe.usps.com.

International Mail Manual at http://pe.usps.com for availability and limitations of coverage.



To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP



how2recycle.info

PAPER POUCH

**AT RATE ENVELOPE**
RATE ■ ANY WEIGHT

EP14F October 2023
OD: 12 1/2 x 9 1/2

**ACKED ■ INSURED**

PS00001000014

---



US POSTAGE IMI   9473405200090954   2000392017

US POSTAGE IMI
$16.67
SSK
PM

05/20/24   Mailed from 48099   028V2311555

2.90 oz

**RDC 03**

**PRIORITY MAIL** ®

CHANGGONG ZHOU
4756 BUTLER DR
TROY MI 48085

RETURN RECEIPT REQUESTED

EXPECTED DELIVERY DAY: 05/22/24

SHIP
TO:
F. KAY BEHM
FEDERAL BUILDING AND US COURTHOUS
ROOM 104
600 CHURCH STREET
FLINT MI 48502



**USPS CERTIFIED MAIL** ®

9502 8066 6296 4141 4415 29

RECEIVED
MAY 29 2024
U.S. DISTRICT COURT
FLINT, MICHIGAN